**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL STRINGER, | No. 13-16825 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-00711-RCJ-VPC |
| v. | |
| TERRI JACOBS; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted September 23, 2014**

Before:    W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

California state prisoner Michael Stringer appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs. We have jurisdiction under 28 U.S.C.

§ 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir.

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

2004), and we affirm.

The district court properly granted summary judgment on Stringer's claim against defendant Koehn because Stringer failed to raise a genuine dispute of material fact as to whether defendant Koehn consciously disregarded a serious risk to Stringer's health in addressing his abdominal pain. *See Farmer v. Brennan*, 511 U.S. 825, 845, 847 (1994) (a prison official acts with deliberate indifference if "he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it"); *Toguchi*, 391 F.3d at 1058 (to show deliberate indifference, prisoner must establish that the chosen course of treatment "was medically unacceptable under the circumstances" (citation and internal quotation marks omitted)); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986) (party opposing summary judgment may not rest on conclusory assertions, but must come forward with significant probative evidence).

The district court properly granted summary judgment on Stringer's claim against defendants Jacobs and Smith because Stringer failed to raise a triable dispute as to whether they had any personal knowledge of or involvement in the alleged constitutional violation. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) ("Sweeping conclusory allegations will not suffice to prevent summary judgment. The prisoner must set forth specific facts as to each individual

defendant's deliberate indifference." (citations omitted)).

We reject Stringer's contentions that the district court allegedly failed to view the evidence in the light most favorable to the non-moving party, handled his case perfunctorily, and made improper credibility determinations.

**AFFIRMED.**